**SETON HALL UNIVERSITY SCHOOL OF LAW**
**SETTLEMENT CONFERENCE ADVOCACY PROGRAM**
One Newark Center, Office 428
Newark, New Jersey 07102



September 8, 2025

<u>*Via Electronic Case Filing*</u>
Hon. Andre M. Espinosa, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King, Jr. Building & U.S. Courthouse
50 Walnut Street
Camden, New Jersey 07101

      Re:    Joint Status Letter
              *Figueroa, et al. v. New Jersey Dept of Corrections, et al.*, 2:24-cv-07781 (SDW)(AME)

Your Honor:

By appointment of the Court, the Seton Hall University School of Law Settlement Conference Advocacy Program ("Seton Hall") represents 29 plaintiffs[1] in the above-captioned matter for the limited and exclusive purpose of court-annexed settlement. By endorsement of July 24, 2025, the Court ordered counsel to provide a joint status update three business days prior to the telephone status conference currently calendared for September 12, 2025. Seton Hall and counsel for the various defendants therefore submit this letter in satisfaction of its order.

The majority of the plaintiffs continue to be incarcerated at the following New Jersey Department of Corrections ("NJDOC") facilities: Bayside State Prison; East Jersey State Prison; New Jersey State Prison; Northern State Prison; and South Woods State Prison. Others have been released. Some whereabouts are unknown.

Seton Hall has conducted individual, 30-minute phone calls with 13 of its clients. Eight additional 30-minute calls, six of which have been rescheduled multiple times due to code conditions or for reasons which remain unexplained, are slated for this week.

Despite a significant consumption of time in the aggregate, the initial legal calls have the modest goal of establishing positive contact with the plaintiffs. To date, none of those sessions have been adequate to conduct a meaningful initial interview, much less to secure informed settlement authority.

It appears that the plaintiffs can be grouped into three categories: (1) Those who seek money damages as their exclusive remedy; (2) those who seek immediate positive change in the conditions of their confinement; and (3) those who seek both money damages and improved conditions of confinement.

Seton Hall will remain unable to convey initial settlement demands to defense counsel until such time as all plaintiffs have communicated with their court-appointed, limited-scope legal representatives.

---

[1] As noted in the letter update of July 23, 2025, Footnote 1, six individuals have moved the Court to join the current 23 plaintiffs in the instant civil action. *See* Docket Entry # 85. In an abundance of caution, Seton Hall will continue to treat those six individuals as if the Court had granted their various applications.

Hon. Andre M. Espinosa, U.S.M.J.
Page 2 of 2

Based on the frustratingly slow rate of progress to date, and the likelihood that future scheduled interviews/counseling sessions will not occur as planned, Seton Hall does not anticipate the ability to convey initial settlement demands prior to the end of October 2025.

Seton Hall and defense counsel thank the Court for its consideration.

                                                                Respectfully submitted,

                                          /s <u>David Michael White</u>
                                              David Michael White, Esq.
                                              *Pro Bono Supervising Attorney*
                                              Seton Hall School of Law
                                              Settlement Conference Advocacy Program

cc: Margaret Raymond-Flood, Esq. (Defense Counsel)
    W. Joseph Salvador, Esq. (Defense Counsel)
    Michael A. Armstrong, Esq. (Defense Counsel)
    Evan A. Armstrong, Esq. (Defense Counsel)
    Ian Doris, Esq. (Defense Counsel)
    David Scheidel, Esq. (Defense Counsel)